HAYES v GENERAL MOTORS CORPORATION

Docket No. 44919. Submitted February 5, 1981, at Detroit.—Decided May 6, 1981.

Darin & Armstrong, Inc., was engaged by General Motors Corporation as the general contractor for the construction of a new boiler plant. James C. Hayes, an employee on that project, died from injuries sustained in a fall which occurred in the course of his employment on that project. Iva L. Hayes, administratrix of the estate of James C. Hayes, brought an action for damages in Wayne Circuit Court against Darin & Armstrong, General Motors' Corporation and others. General Motors filed a third-party claim against Darin & Armstrong seeking indemnification for any judgment by plaintiff against General Motors. A jury trial was held before Harold Hood, J. During trial one of the other defendants settled with plaintiff for $250,000. The jury returned a verdict in favor of plaintiff in the amount of $522,000. The jury also returned a verdict in favor of General Motors and against Darin & Armstrong in the amount of $522,000 on General Motors' third-party indemnification claim. The trial court granted to plaintiff judgment interest on $272,000, the difference between the jury verdict and the settlement with one of the defendants. Darin & Armstrong appealed by right from the judgment and from the denial of its motion for a new trial. Plaintiff filed a cross-appeal from the

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 534, 537.
[2] 13 Am Jur 2d, Building and Construction Contracts § 141.
41 Am Jur 2d, Indemnity § 15.
Liability of subcontractor upon bond or other agreement indemnifying general contractor against liability for damage to person or property. 68 ALR3d 7.
Building contractor's liability upon bond or other agreement to indemnify owner, for injury or death of third persons resulting from owner's negligence. 27 ALR3d 663.
[3] 41 Am Jur 2d, Indemnity § 13.
[4] 75 Am Jur 2d, Trial § 467.
[5] 75 Am Jur 2d, Trial §§ 467, 538, 539.
[6] 41 Am Jur 2d, Indemnity § 36.
[7] [No Reference].

trial court's order which denied judgment interest and costs on the full jury verdict. General Motors filed a cross-appeal from the judgment and from the order denying assessment of its costs and attorney fees against Darin & Armstrong. Plaintiff settled with Darin & Armstrong and, by stipulation, the appellate claims of plaintiff against Darin & Armstrong and Darin & Armstrong against plaintiff were dismissed with prejudice. *Held:*

1. The trial court properly denied the motion for a directed verdict made by Darin & Armstrong with respect to General Motors' claim of contractual indemnity, since, viewing the testimony and all the legitimate inferences in a light most favorable to the nonmoving party, General Motors, the evidence established a prima facie case for General Motors' contractual indemnity claim.

2. The indemnity provision in the contract between Darin & Armstrong and General Motors was not ambiguous nor was it violative of public policy, since such indemnity provision did not attempt to seek to indemnify General Motors for its own negligence.

3. While it was error for the trial court to refuse to grant General Motors' motion for a directed verdict on its contractual indemnity claim, such error is harmless error, since the jury returned a verdict in favor of General Motors on its indemnity claim for the full amount of its liability to plaintiff.

4. The claim of error resulting from the trial court's denial of General Motors' motion for a directed verdict on its common law indemnity claim will not be addressed on appeal, since General Motors abandoned that claim before the case was submitted to the jury.

5. General Motors is entitled to secure from Darin & Armstrong those attorney fees associated with General Motors' defense of the principal plaintiff's action. The attorney fees associated with General Motors' prosecution of its indemnity claim against Darin & Armstrong are not assessable against Darin & Armstrong.

Affirmed in part and remanded.

1. TRIAL — DIRECTED VERDICTS — EVIDENCE — PRIMA FACIE CASE.

A motion for a directed verdict must be denied where the trial court, viewing the evidence and all legitimate inferences which may be drawn therefrom in the light most favorable to the nonmoving party, finds that the evidence establishes a prima facie case.

2. INDEMNITY — CONSTRUCTION CONTRACTS — NEGLIGENCE — PUBLIC POLICY — STATUTES.

An indemnity provision in a construction contract which seeks to protect the indemnitee from liability for personal or property damage but specifically excludes such protection where the damage arises from the sole negligence of the indemnitee is not void as being contrary to public policy (MCL 691.991; MSA 26.1146[1]).

3. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties; however, indemnity contracts are construed most strictly against the party who drafts them and against the party who is the indemnitee.

4. TRIAL — DIRECTED VERDICTS — INDEMNITY.

It is error for a trial court to refuse to grant a directed verdict in favor of an indemnitee on a claim for indemnity where the court has decided as a matter of law that the indemnity provision was clear and unambiguous and was applicable to the facts before the court; such error, however, is harmless where the jury returns a verdict in favor of the indemnitee and against the indemnitor for the full amount of a judgment in favor of the principal plaintiff.

5. APPEAL — DIRECTED VERDICTS — WAIVER.

The question of whether a trial court erred by refusing to grant a directed verdict as to a claim for common-law indemnity will not be heard on appeal where the indemnitee abandoned its common-law indemnity claim prior to submission of the case to the jury; such abandonment of a claim waives any right to claim error arising out of the denial of the motion for a directed verdict based on such claim.

6. INDEMNITY — ATTORNEY FEES.

Attorney fees incurred by an indemnitee in the defense of the principal action may be recovered by the indemnitee from the indemnitor, however, the attorney fees incurred in the prosecution of an indemnity action by the indemnitee against the indemnitor may not be recovered; the attorney fees associated with the defense of the principal action by the indemnitee may be recovered even where both the principal action and the indemnity action are tried together.

7. INDEMNITY — CONTRACTS — WORDS AND PHRASES.

A provision in an indemnity contract providing that the indemnitor will "hold harmless and defend" the indemnitee evidences a

contractual intent that the indemnitor shall defend the indemnitee in any action involving matters within the scope of the indemnity agreement.

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman* and *Sheldon D. Erlich),* for Iva L. Hayes.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Jeanette A. Paskin* and *Frank W. Brochert), (Otis M. Smith* and *Joseph M. Rozek,* of counsel), for General Motors Corporation.

*Charfoos & Charfoos, P.C.* (by *John G. Konkel),* for Darin & Armstrong, Inc.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. This case involves a contract of indemnification between defendant-appellee, General Motors Corporation, and defendant-appellant, Darin & Armstrong, Inc. The original posture of the lawsuit involved herein was a personal injury claim by plaintiff against four defendants, of which two were General Motors and Darin & Armstrong. After dismissal of one of the original defendants, a jury trial commenced in Wayne County Circuit Court, a settlement was entered into with another defendant and a verdict was rendered for plaintiff against both remaining defendants in the amount of $522,000. The jury also returned a verdict in favor of General Motors on its third-party claim against Darin & Armstrong for $522,000. A motion for new trial filed by Darin & Armstrong was denied in an order of the trial court. At the time of oral arguments on this appeal, Darin & Armstrong had settled with plaintiff. Therefore, this appeal concerns only the contract of indemnifica-

tion between Darin & Armstrong and General Motors.

Defendant Darin & Armstrong first argues that the trial court erred in refusing to grant its motion for directed verdict concerning General Motors' claim for contractual indemnity. It must here be noted that both Darin & Armstrong and General Motors filed motions for directed verdict concerning General Motors' contractual indemnity claim against Darin & Armstrong.

A trial court in considering a motion for directed verdict must view the testimony and all legitimate inferences in a light most favorable to the nonmoving party. If the evidence establishes a prima facie case, the motion must be denied, *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), *Weeks v Feltner,* 99 Mich App 392; 297 NW2d 678 (1980), *Wynn v Cole,* 91 Mich App 517; 284 NW2d 144 (1979). In slightly different terms, this Court has held that a motion for directed verdict should be denied when the facts, when viewed in a light most favorable to the nonmovant, are such that reasonable persons could honestly reach different conclusions. *Tiffany v The Christman Co,* 93 Mich App 267; 287 NW2d 199 (1979).

Under this standard, two inquiries become pertinent. First, when viewing all the facts and inferences in a light most favorable to General Motors, can it be said that General Motors failed to establish a prima facie case of contractual indemnity? Secondly, when viewing the evidence and inferences in a light most favorable to Darin & Armstrong, could reasonable persons honestly reach different conclusions as to General Motors' claim against Darin & Armstrong?

As to the first inquiry, defendant Darin & Armstrong argues that the trial court erred in refusing

to grant its directed verdict motion since: (1) the
indemnification agreement contained so many pro-
visions dealing with the allocation of risk that it
was ambiguous and unenforceable, (2) the provi-
sions dealing with allocation of risk were over-
broad and vague, and (3) the contract did not
manifest an intent to indemnify General Motors.
This Court does not find Darin & Armstrong's
argument persuasive.

When the pertinent portions of the contract
between General Motors and Darin & Armstrong
are reviewed, it becomes clear that the "general
conditions" of the principal contract were modified
by certain "special conditions". The trial court
held that the "special conditions" provided the
applicable indemnification agreement. The trial
court's construction of the contract in question
would not appear to be clearly erroneous. The
introduction to the special conditions attached to
the contract provided that:

"The General Conditions, Specification Section No. 1,
are part of this Specification and shall apply in all
respects except as modified and extended in the follow-
ing articles of this section. *These Special Conditions,
are to supplement, void, supersede, and amend those
General Conditions, as the case may be.* Where any
article of the General Conditions is supplemented
hereby, the General Conditions shall be considered as
added thereto. Where any such article is amended,
voided, or superseded thereby, the provisions of such
article not so specifically amended, voided, or super-
seded shall remain in effect." (Emphasis added.)

The trial court was correct in holding that the
"Special Conditions" of the agreement between
General Motors and Darin & Armstrong provided
the applicable indemnity provision.

Darin & Armstrong further contends that the

indemnity provision appearing within the special conditions section of the general agreement was overbroad and vague. Although Darin & Armstrong's brief on appeal does not clearly indicate the rationale for this assertion, it seems that its reasoning is based on MCL 691.991; MSA 26.1146(1). This statute provides that an indemnity provision in a construction contract which seeks to protect the promisee from liability for personal or property damage arising from the *sole* negligence of the promisee is void as against public policy. See *Robertson v Swindell-Dressler Co,* 82 Mich App 382; 267 NW2d 131 (1978), *lv den* 403 Mich 812 (1978), *Robinson v A Z Shmina & Sons Co,* 96 Mich App 644; 293 NW2d 661 (1980), *Peeples v Detroit,* 99 Mich App 285; 297 NW2d 839 (1980). The intent of the indemnity provision in the case at bar was not to indemnify General Motors for liability premised on General Motors' sole negligence. Rather, the provision provides:

"Except as specifically provided, with respect to property damage only, under the paragraph hereof entitled 'Fire and Supplemental Insurance', the Contractor assumes all risks of damages or injuries, including death, to property or persons used or employed on or in connection with the work, and all risks of damages or injuries, including death, to any persons or property wherever located, resulting from any action, omission or operation under the Contract or in connection with the work, whether such action, omission or operation is attributable to the Contractor, any Subcontractor, any material supplier, anyone directly or indirectly employed by any of them, or any other person. Contractor shall indemnify, hold harmless and defend the Owner, its employees, agents, servants and representatives from and against any and all claims and demands of whatever nature, regardless of the merit thereof, which may be asserted against Owner or on account of any such damages or injuries, including death, whether or

not such damages or injuries, including death, are caused in part by the negligence of Owner, its employees, agents, servants or representatives, provided, however, that *Contractor shall not be obligated to indemnify Owner hereunder for any damages or injuries, including death, caused by or resulting from the sole negligence of Owner."* (Emphasis added.)

It can be seen that this provision states in unambiguous terms that indemnity will not be available to General Motors if liability is premised upon General Motors' sole negligence.

As its last contention on this issue, Darin & Armstrong argues that the indemnity provision did not manifest an intent by the parties to have Darin & Armstrong indemnify General Motors.

The law surrounding the construction of indemnity contracts has been recently summarized by this Court as follows:

"Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties. *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335, 339; 274 NW2d 58 (1978). In ascertaining the intentions of the parties, one must consider not only the language used in the contract, but also the situation of the parties and the circumstances surrounding the contract. *Gartside, supra.* Indemnity contracts are construed most strictly against the party who drafts them, and against the party who is the indemnitee. *Gartside, supra, Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977)." *Peeples, supra,* 294-295.

In interpreting the indemnity provision at issue in the instant action, the trial court indicated that it showed a clear intent for Darin & Armstrong to indemnify General Motors. The trial court stated as follows:

"I think that the language in the General Motors contract or 1-A-3 which we have left here of the special conditions is very specific in its intent, that the owner is to be indemnified from acts of negligence, including its own but not those acts of negligence which might be found to be its sole acts of negligence. That language was obviously drafted to get around the statute but it is clear and I think the Court would have to rule as a matter of law that this is not broad and overbroad language and invalid under any of the cases cited and, therefore, Mr. Dickinson's motion will be denied."

The trial court's findings are not clearly erroneous. The indemnity provision appears to envision that Darin & Armstrong would indemnify General Motors from personal injury accidents occuring at the construction site. Darin & Armstrong fails to establish that there are any circumstances in this case that would indicate that the *unambiguous* language of the indemnity provision was not to be observed.

In summary, the trial court did not err in denying Darin & Armstrong's motion for directed verdict. The trial court was correct in concluding that the indemnity provision contained within the special conditions controlled over the general conditions of the contract and, thereby, provided the applicable indemnity provision. Additionally, the indemnity provision was not overly broad, vague or violative of the statute which prevented General Motors from seeking indemnity for injuries caused solely by its own negligence. Finally, the indemnity provision evidences a clear intent for Darin & Armstrong to indemnify General Motors on the facts of this case.

The remaining inquiry as to this issue concerns whether the trial court erred, after having concluded that the indemnity provision was unambiguous and pertained to the facts at hand, when it

refused to grant General Motors' motion for a directed verdict. In denying General Motors' directed verdict motion, the trial court stated:

"The other side of that coin, and this is where I am sure that Mr. Brochert and Mr. Rutt, if you listen to what I say you probably feel you are entitled to a motion for directed verdict, that you are entitled to an indemnity; I do not agree with that either because, and this may seem a little hard for you to understand, but I still do not feel that I can take and say that because the evidence seems at this point to be all—let me rephrase that. You have all said except for Mr. Dickinson, Mr. Brochert has said, Mr. Rutt has said, Mr. Erlich has said that is very clear from all the evidence that has been presented that the jury simply could not find that Darin & Armstrong was not negligent. I cannot say that. They might find Darin & Armstrong was not negligent at all. That is still within their province. Although I would be very surprised, I cannot say that they would not find that General Motors would be negligent. So, I do not think you are entitled to a motion for directed verdict. I think you are entitled to an instruction framed somewhere along the lines of Mr. Brochert's instruction that if the jury does find that General Motors and Darin & Armstrong were both negligent, then General Motors is entitled to indemnification. I do not think that that is something that can be left to the jury because there is no way the way I read the law is they could find both of them negligent and for Darin & Armstrong to not be liable to General Motors under the indemnification provisions of the contract."

General Motors argues that the construction of a contract is a matter of law for the court and that once the trial court, in the case at bar, determined that the indemnity provision was unambiguous and applicable, a directed verdict should have been granted in its favor. The trial court's reason for denying General Motors' motion for directed ver-

dict would appear to be the trial court's belief that it was possible for the jury, on the facts of this case, to find General Motors negligent, but find Darin & Armstrong not negligent.

This Court does not believe that this reason justified the trial court's refusal to grant General Motors' directed verdict motion. The trial court had previously held that the indemnity provision was clear and unambiguous and was applicable to the facts before the court. It is true that in *Nanasi v General Motors Corp,* 56 Mich App 652, 661; 224 NW2d 914 (1974), this Court held that the question of whether an indemnity contract was "clear and unmistakable" was a question to be reserved for the trier of fact. However, in the case at bar, the trial court had ruled as a matter of law that the indemnity provision was "very specific" and valid. If the trial court had held that the indemnity provision was specific enough so as to establish a prima facie indemnity claim, but not so specific as to clearly and unmistakably provide for indemnity, then perhaps there would have been justification for denying General Motors' motion for directed verdict. The fact that the jury could have found that General Motors was liable and that Darin & Armstrong was not liable (so as to make the indemnity provision moot) was not a reason for denying General Motors' motion, since this possibility could easily have been dealt with through an appropriate instruction.

However, this being said, we conclude that any error committed was harmless in the totality of circumstances presented by the instant case. The jury returned a verdict finding General Motors eligible for indemnification from Darin & Armstrong for the full amount of the judgment. In this context, it is not reasonable to suggest that the

jury's verdict should be upset. In short, the jury's verdict was in favor of General Motors' indemnity claim; so any error committed by the trial court in refusing to grant General Motors' directed verdict motion is, at this point, inconsequential.

The next issue to be addressed by this Court is General Motors' claim that the trial court erred in failing to grant its motion for a directed verdict on its cross-claim for common-law indemnity. This issue need not detain us, in that it is our conclusion that General Motors waived its right to common-law indemnity immediately prior to closing arguments. This being the case, General Motors will not now be heard to contend that the trial court erred in denying its directed verdict motion. It was General Motors which decided to abandon its common-law indemnity claim prior to this case's submission to the jury. By so doing, this Court concludes that General Motors has waived, or failed to preserve, any right to now contend that a directed verdict on its common-law indemnity claim should have been granted.

The final issue to be addressed in this appeal is whether the trial court erred in denying General Motors actual attorney fees after General Motors' contractual indemnity claim against Darin & Armstrong proved successful. In connection with this issue, it must first be noted that the lower court record neither substantiates nor refutes General Motors' allegation that the trial court denied a request for the assessment of attorney fees. There is nothing in the lower court file to indicate that General Motors requested such an assessment or that the trial court denied the request. Defendant Darin & Armstrong does not deny that General Motors requested such an assessment, nor does it deny that the trial court refused to grant the assessment.

The general rule concerning the assessment of costs and attorney fees in an indemnity action is stated in 41 Am Jur 2d, Indemnity, § 36, pp 725-727 as follows:

"As a necessary part of his damages an indemnitee may recover against his indemnitor interest and his expenses, or necessary defensive fees and expenses, including costs which have been awarded against him in the trial court on his unsuccessful defense of a claim after due notice to the indemnitor.

\* \* \*

"As a general rule, and unless the indemnity contract provides otherwise, an indemnitee is entitled to recover, as part of the damages, reasonable attorneys' fees, although there is some authority to the contrary. The allowance of attorneys' fees is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity." (Footnotes omitted.)

Whether this Court has accepted this general rule of law is in some doubt. In *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71, 78; 212 NW2d 821 (1973), it was held that reasonable attorney fees incurred in prior litigation with "a third-party not with the defendant" may be recoverable. This Court cited from McCormick, Damages, § 66, p 246 as follows:

" '[W]here the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute *previous* legal proceedings, the law reverses its restrictive attitude and allows that plaintiff to recover all the expense, including counsel fees, reasonably incurred by him in the prior litigation.' (Emphasis in original.)" *Allen, supra,* 78-79.

It would appear that the Court of Appeals has

taken the view that attorney fees are recoverable in an indemnity action where the fees were an expense incurred in a *prior* action commenced by principal plaintiff and defended by the party now seeking indemnity and attorney fees. In other words, the attorney fees requested have to have been an expense incurred in the defense of the claim indemnified against and not an expense incurred in establishing the right of indemnity. See *Birou v Thompson-Brown Co,* 67 Mich App 502; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976), for the application of this rule.

If one applied the above-stated rule literally to the case at bar, one might conclude that General Motors was not entitled to attorney fees since a separate indemnity lawsuit was not filed. Rather, the case at bar involves one lawsuit filed by principal plaintiff which was coupled with a third-party indemnity action filed by General Motors. However, we conclude that the above rule is only meant to indicate that General Motors should recover the attorney fees incurred in defending against the plaintiff's principal action and not any attorney fees incurred in the indemnity action against Darin & Armstrong.

It is also necessary to bear in mind that General Motors' indemnity claim in the case at bar was contractual and not based upon the principles of common-law indemnity. Therefore, General Motors' right to recover attorney fees must be based upon the indemnity agreement in issue. The indemnity agreement in the case at bar provides that the "Contractor shall indemnify, hold harmless and *defend the Owner"*. (Emphasis added.) One could possibly conclude that this language is not specific enough to enable General Motors to make a claim for attorney fees. It is a long-stand-

ing rule in the construction of indemnity contracts that, in order to be effective, the terms must be unequivocal. *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966), *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977), *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979). Although this conclusion would not be unreasonble, it is our belief that the better resolution is that the words "hold harmless and defend the owner" strongly indicate that Darin & Armstrong had the contractual obligation to defend General Motors. Darin & Armstrong does not contest General Motors' allegation that a request to defend the action was made.

Under these circumstances, this Court concludes that the trial court did err in not awarding General Motors attorney fees in connection with its successful contractual indemnity claim.

On the basis of the last issue, this case is remanded to the trial court so that an assessment of reasonable attorney fees can be made in favor of General Motors. No other error having been found, the judgment of the trial court in all other respects is affirmed.

Affirmed in part and remanded. Costs to defendant-appellee General Motors. We do not retain jurisidiction.