HARTMAN v CENTURY TRUSS COMPANY

Docket No. 69774. Submitted December 7, 1983, at Detroit.—Decided March 6, 1984.

Mark Hartman was blinded in one eye while working on a construction job. Mark and Nancy Hartman brought an action in Oakland Circuit Court against Century Truss Company and Erb Lumber Company, alleging that Mr. Hartman's injury resulted from a loose nail in a roof truss manufactured by Century and sold by Erb. Plaintiffs alleged that Century negligently manufactured the truss, that Erb negligently failed to properly inspect the truss, and that both Century and Erb were liable for breach of the implied warranty of merchantability. Erb filed a cross-complaint against Century, claiming that it acted only as a broker for the sale of the truss and seeking common-law indemnification. After the proofs were in, but before the jury reached a verdict, the trial court, Thomas D. Anderson, Jr., J., granted Erb's motion for a directed verdict on its indemnification claim against Century "together with any costs or attorney fees allowed to be taxed". The jury returned a verdict of no cause of action in the principal action. Erb moved for taxation against Century of costs and attorney fees. The motion was denied. Erb appeals. *Held:*

1. An indemnitee is usually able to recover its costs and attorney fees incurred in its defense of the principal action; however, where, as here, the principal action is resolved in favor of the indemnitee and indemnitor, the indemnitee may not tax these costs and attorney fees, since, under such circumstances, it cannot be said that the indemnitee was called to answer for the wrongdoing of the indemnitor.

2. The denial of Erb's motion to tax costs and attorney fees did not violate the prior order of the court relative to the motion for a directed verdict on the cross-complaint, since that order permitted the taxation of any costs allowed to be taxed as part of Erb's right to indemnification and the jury verdict of no

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity §§ 6, *et seq.,* 19 *et seq.*
[2] 41 Am Jur 2d, Indemnity § 15 *et seq.*
[3, 4] 41 Am Jur 2d, Indemnity § 36.

cause of action with respect to Century eliminated any right to indemnification.

Affirmed.

1. INDEMNITY — COMMON LAW — CONTRACTS — IMPLIED CONTRACTS.

The right to indemnity can arise from three possible sources: the common law, an implied contract, or an express contract.

2. INDEMNITY — COMMON-LAW INDEMNITY — ACTIVE NEGLIGENCE — DERIVATIVE LIABILITY.

A party seeking common-law indemnity must show that it is free from actual or causal negligence, that the active negligence is attributable solely to another and that its liability arises solely by operation of law.

3. INDEMNITY — COSTS — ATTORNEY FEES.

Costs and attorney fees incurred by an indemnitee in defense of the principal action normally may be recovered by the indemnitee from the indemnitor, however, the costs and attorney fees incurred in the prosecution of the indemnity action by the indemnitee against the indemnitor may not be recovered.

4. INDEMNITY — COSTS — ATTORNEY FEES — DERIVATIVE LIABILITLY.

An indemnitee seeking common-law indemnity may not recover costs and attorney fees incurred by the indemnitee in the principal action in the absence of an express or implied contractual promise by the indemnitor to defend the indemnitee where the principal action results in a judgment of no cause of action in favor of the indemnitor, since indemnification and the associated liability for costs and attorney fees rests upon the finding of a wrong by the indemnitor for which the indemnitee becomes liable.

*Sopt & Gorny* (by *John F. Sopt),* for Erb Lumber Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen),* for Century Truss Company.

Before: T. M. BURNS, P.J., and MACKENZIE and R. ROBINSON,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This appeal arises out of a suit by plaintiffs Mark and Nancy Hartman, not parties to this appeal, against defendant and cross-plaintiff Erb Lumber Company, and defendant and cross-defendant Century Truss Company. Plaintiff Mark Hartman, while working at a construction site, was blinded in one eye by a loose nail in a roof truss. Plaintiffs' complaint alleged that Century negligently manufactured the truss, that Erb negligently failed to properly inspect the truss, and that both Century and Erb were liable for breach of warranty of merchantability. Erb filed a cross-complaint against Century, claiming that Erb acted only as a broker for the sale of the truss manufactured by Century and seeking common-law indemnification. After all the proofs were in, but before the jury had reached a verdict, the court granted Erb a directed verdict for indemnification "together with any costs or attorney fees allowed to be taxed". The jury then returned a verdict of no cause of action in favor of both Erb and Century. Subsequently, Erb moved for taxation of costs and attorney fees, which the court denied in the order from which Erb now appeals.

The sole question before us is whether Erb is entitled to tax costs and attorney fees against Century based on the directed verdict for indemnification granted Erb, despite the fact that ultimately the jury returned a verdict of no cause of action as to both Erb and Century. We find that the court properly denied Erb's motion to tax costs and attorney fees.

Indemnification may be based on three possible sources: an express contract, an implied contract, or the common law. *Skinner v D-M-E Corp,* 124 Mich App 580, 584; 335 NW2d 90 (1983). In the instant case, Erb relied on the common-law right to indemnification. A party seeking common-law

indemnity must show freedom from personal fault, that is, freedom from active or causal negligence; it must show that the active negligence is attributable solely to another whereas its own liability arises by operation of law, thus making it only passively negligent. *Langley v Harris Corp,* 413 Mich 592, 597-598; 321 NW2d 662 (1982); *Dale v Whiteman,* 388 Mich 698, 705-706; 202 NW2d 797 (1972); *Peeples v Detroit,* 99 Mich App 285, 292; 297 NW2d 839 (1980).

A party entitled to common-law indemnification is, as part of that right, entitled to recover costs and attorney fees incurred in its defense of the primary litigation, although it is not entitled to recover those expenses incurred in establishing its right to indemnification. *Warren v McLouth Steel Corp,* 111 Mich App 496, 507-509; 314 NW2d 666 (1981), *lv den* 417 Mich 941 (1982); *Hayes v General Motors Corp,* 106 Mich App 188, 200-201; 308 NW2d 452 (1981). Thus, in the instant case, if Erb is entitled to indemnification, it is entitled, as a corollary to that right, to the costs and attorney fees incurred in defending the suit brought by plaintiffs. We will assume that Erb did satisfy the prerequisite of showing that it was free from active or causal negligence, since Century does not argue otherwise on appeal. Even so, however, we find that any right to indemnification which Erb may have had on the basis of the court's directed verdict, granted before the jury's verdict was taken, vanished when the jury subsequently returned its verdict of no cause of action as to Century.

Common-law indemnity "rests upon the equitable principle of a right to restitution". *Peeples, supra,* p 292. The theory underlying common-law indemnity has been summarized as follows:

" 'It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages *on account of the negligence or tortious act of another,* the former having a right of action against the latter for indemnity * * *.' (42 CJS, § 21, p 596.)

"This right of indemnity is based on the principle that everyone is *responsible for his own negligence* * * *. It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent.' (42 CJS, § 21, p 597)." *Dale, supra,* pp 705-706. (Emphasis added.)

As reflected in the above, indemnification is proper only where the alleged indemnitor is found to have engaged in some wrongdoing. Here, the jury found that Century was not liable for any wrongdoing. Also, it would contravene notions of equity to hold Century responsible for payment of Erb's costs and attorney fees given the jury's determination that plaintiffs' suit against Century was without merit. Erb was forced to defend against plaintiffs not because of any wrongful conduct on Century's part, but rather simply because plaintiffs filed suit.

Although Erb claims that Century was responsible for wrongdoing in that Century failed to take on Erb's defense against plaintiffs' suit, this contention is groundless since Century had no duty to defend Erb. Erb points to no implied or express contractual promise by Century to defend Erb in a suit such as that brought by plaintiffs. Finally, although Erb suggests that the court violated its own order directing a verdict for Erb, that order provided that Erb was entitled to "any costs or attorney fees allowed to be taxed" as part of its

right to indemnification. Since Erb ultimately failed to establish any right to indemnification, given the verdict of no cause of action against Century, there are no costs and attorney fees which Erb is allowed to tax against Century.

Affirmed. Costs to appellee.