NORTH COMMUNITY HEALTHCARE, INC v TELFORD

Docket No. 183819. Submitted May 14, 1996, at Marquette. Decided October 1, 1996, at 9:00 A.M.

Loretta M. Hamilton brought an action in the Gogebic Circuit Court against John G. Telford, M.D., Spectrum Emergency Care, Inc., and North Community Healthcare, Inc., alleging that she suffered a stroke as a result of Dr. Telford's failure to diagnose properly her condition during two visits to the North Community emergency room. Telford was an employee of Spectrum, and his services were provided by Spectrum to North Community pursuant to a contract between those parties. Hamilton's claim against North Community alleged both active and vicarious liability. When Spectrum refused to assume North Community's defense of the Hamilton action, North Community filed a cross-complaint for common-law indemnification against Telford and Spectrum. The underlying Hamilton action was resolved pursuant to a settlement agreement under which North Community paid no portion of the settlement and Telford did not admit fault. North Community and Telford each moved for summary disposition of the indemnification action, North Community seeking indemnification of the expenses, including attorney fees, that it had incurred in its defense of the Hamilton action. The court, Roy D. Gotham, J., denied summary disposition for North Community and granted summary disposition for Spectrum. North Community appealed.

The Court of Appeals *held*:

The right to common-law indemnification is based on the equitable principle that where the wrongful act of one party results in another being held liable, the latter party is entitled to restitution. Because North Community paid no portion of the settlement and Dr. Telford did not admit fault, there could be no liability under the theory of common-law indemnification, because North Community had not been held liable for the acts of Dr. Telford.

Affirmed.

1. INDEMNITY — COMMON-LAW INDEMNITY — EQUITY.

The right to common-law indemnification is based on the equitable principle that where the wrongful act of one party results in another being held liable, the latter party is entitled to restitution.

2. Indemnity — Common-Law Indemnity — Settlements — Litigation Costs.

A defendant is not entitled to common-law indemnification by a code-fendant of the costs associated with the defense of a claim where the claim was settled pursuant to a settlement agreement under which the defendant was not liable for any portion of the settlement amount and in which the codefendant made no admission of fault.

*Andrews, Fosmire, Solka & Stenton, P.C.* (by *M. Sean Fosmire* and *Cheryl L. Hill*), for North Community Healthcare, Inc.

*Schellinger & Doyle, S.C.* (by *Donald P. Schneider*), for John G. Telford, M.D., and Spectrum Emergency Care, Inc.

Before: Hood, P.J., and Markman and A. T. Davis,* JJ.

Markman, J. Cross-plaintiff, North Community Healthcare, Inc. (NCH), appeals as of right an order denying its motion for summary disposition and granting a motion for summary disposition in favor of cross-defendant Dr. John Telford pursuant to MCR 2.116(C)(10). We affirm.

This action arises out of a medical malpractice claim by Loretta M. Hamilton. In her complaint, Hamilton alleged that she suffered a stroke associated with her use of oral contraceptives because of Dr. Telford's failure, during two visits by her to NCH's emergency room, to properly diagnose her symptoms or to refer her to a neurologist. Dr. Telford was not an employee of NCH. Rather, NCH had a contract with Spectrum Emergency Care, Inc., under which the professional services of Dr. Telford were provided. Ham-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ilton's claim against NCH alleged both direct liability and vicarious liability under a theory of ostensible agency.[1] This was not a case in which NCH assumed the defense of the doctor. The contract between NCH and Spectrum did not provide for contractual indemnity. NCH demanded that Spectrum assume its defense, but Spectrum refused. NCH then filed cross-complaints against Dr. Telford and Spectrum, alleging common-law indemnity. The underlying Hamilton action was resolved pursuant to a settlement agreement under which NCH paid no portion of the settlement amount and Dr. Telford admitted no fault. NCH and Dr. Telford both moved for summary disposition of NCH's cross-complaint for common-law indemnification. The trial court denied NCH's motion and granted summary disposition for Dr. Telford.

This Court reviews de novo decisions regarding motions for summary disposition to determine if the moving party was entitled to judgment as a matter of law. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994). "The right to common-law indemnification is based on the equitable principle that where the wrongful act of one party results in another being held liable, the latter party is entitled to restitution." *Cameron v Monroe Co Probate Court*, 214 Mich App 681, 689; 543 NW2d 71 (1995). In *Hartman v Century Truss Co*, 132 Mich App 661, 665-666; 347 NW2d 777 (1984), this Court held that no right to common-law indemnification had been established where a jury found that the alleged indemnitor was

---

[1] The trial court noted that Hamilton only denied NCH's request to admit that her claim against NCH was solely for vicarious liability in case she later discovered some active negligence on NCH's part. At the time her case was settled, Hamilton had not discovered any such negligence by NCH.

not liable for any wrongdoing. We understand *Hartman* to mean that where there is a specific finding of no negligence, there can be no common-law indemnification. The *Hartman* Court stated that common-law indemnification "is proper only where the alleged indemnitor is found to have engaged in some wrongdoing." *Id.* at 665. This statement of its own holding went beyond the facts before this Court and is susceptible to an inference that a prior judicial finding that an alleged indemnitor engaged in wrongdoing is a prerequisite to common-law indemnification. That was not the issue in *Hartman* and need not be resolved in the instant case either. Here, the trial court cited *Hartman* and held:

> [I]t's only a small step beyond that to reach the conclusion that, therefore, before indemnification can ultimately be determined, the liability of the active tort-feasor must be likewise determined. A settlement of a case is not such a determination.

While we agree that the settlement agreement did not constitute a finding that Dr. Telford was liable for wrongdoing, neither was it a finding that he was *not* liable for any wrongdoing. A settlement agreement generally does not establish liability for wrongdoing, unlike a jury verdict that generally does. We accordingly find *Hartman* inapplicable to cases involving settlement agreements.

To determine the applicability of common-law indemnification to cases resolved by settlement agreement, we reiterate that "[t]he right to common-law indemnification is based on the equitable principle that where the *wrongful act of one party results in another being held liable,* the latter party is enti-

tled to restitution." *Cameron, supra* at 689 (emphasis added). This Court has repeatedly defined common-law indemnification as the equitable right to restitution of a party *held liable for another's wrongdoing. Paul v Bogle*, 193 Mich App 479, 497; 484 NW2d 728 (1992); *Skinner v D-M-E Corp*, 124 Mich App 580, 584; 335 NW2d 90 (1983); *Peeples v Detroit*, 99 Mich App 285, 292; 297 NW2d 839 (1980). We believe that payment of a portion of a settlement agreement may, under the proper circumstances, constitute being "held liable" for the "wrongful act" of another. *Cameron, supra*. However, this issue is not presented by the case at bar. Here, the underlying case was resolved pursuant to a settlement agreement under which NCH paid no portion of the settlement amount and Dr. Telford did not admit fault. Thus, NCH was not held vicariously liable for Dr. Telford's acts. We understand that NCH nonetheless incurred expenses in defending the underlying action. However, there is no equitable right to common-law indemnification unless the alleged indemnitee is "held liable" for another's wrongful acts. Other equitable doctrines may be available to a party who incurs attorney fees solely to defend a vicarious liability claim caused by another's wrongful acts. Here, however, NCH's attorney fees were presumably incurred to defend against Hamilton's allegations of direct liability. As the trial court noted, NCH could have avoided this situation by negotiating a contract with Spectrum that included an indemnification clause. Because NCH was not held liable for another's wrongful acts, NCH failed to state a

common-law indemnification claim for which relief could be granted.[2]

For these reasons, the trial court appropriately denied NCH's motion for summary disposition and granted summary disposition for Dr. Telford.

Affirmed.

---

[2] Although summary disposition should have been granted pursuant to MCR 2.116(C)(8) rather than (C)(10), a trial court's decision will not be reversed on appeal for this reason alone. See *Gray v Pamm*, 203 Mich App 461, 464; 513 NW2d 154 (1994).