KELL v JOHNSON

Docket No. 120167. Submitted July 11, 1990, at Lansing. Decided
September 25, 1990; approved for publication November 19,
1990, at 9:02 A.M.

Janice Kell brought an action for money damages in the Alpena
Circuit Court against Theodore O. Johnson, individually and in
his capacity as presiding judge of the 88th District Court, and
the 88th District Court after the termination of her employ-
ment by the court. The trial court, Joseph P. Swallow, J.,
granted summary disposition in favor of Judge Johnson in his
individual capacity and transferred the action against the
remaining defendants to the Court of Claims. The plaintiff
appealed.

The Court of Appeals *held:*

1. The trial court properly granted summary disposition in
favor of Judge Johnson in his individual capacity. The plaintiff
failed to plead any facts against this defendant apart from
actions taken in his official capacity.

2. The trial court did not err in transferring the plaintiff's
remaining claims to the Court of Claims, which has exclusive
jurisdiction over claims for money damages against the state
and its instrumentalities.

Affirmed.

COURTS — COURT OF CLAIMS — JURISDICTION — MONEY DAMAGES.

An action for money damages against a district court and a judge
of that court brought by a former employee who claims wrong-
ful discharge is within the exclusive jurisdiction of the Court of
Claims (MCL 600.6419; MSA 27A.6419).

*Edward A. Meany,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *A. Michael Leffler*

REFERENCES

Am Jur 2d, Courts § 33; Judges § 72.
See the Index to Annotations under Claims Court; Discharge from
Employment or Office; Judges; Privileges and Immunities.

and *Margaret A. Nelson,* Assistant Attorneys General, for the defendants.

Before: BRENNAN, P.J., and MacKENZIE and WEAVER, JJ.

PER CURIAM. Plaintiff appeals as of right from an order which granted summary disposition pursuant to MCR 2.116(C)(8) in favor of defendant Theodore O. Johnson in his individual capacity, and transferred to the Court of Claims plaintiff's remaining claims against defendants 88th District Court and Judge Johnson in his official capacity. We affirm.

Plaintiff was employed as 88th District Court Clerk-Administrator from October 1979 until her employment was terminated on November 4, 1988. She was originally hired by the district court in 1969 as a clerk-typist.

After she was fired, plaintiff brought suit in circuit court alleging that defendants violated her civil rights under 42 USC 1983, breached an implied contract of employment under which she could only be fired for just cause, and negligently or intentionally violated their duties to her by terminating her employment in bad faith. Plaintiff sought money damages.

The trial court concluded that plaintiff failed to state a claim against defendant Johnson in his individual capacity. Plaintiff contends that this conclusion was incorrect. We disagree. Plaintiff's claims are based solely on her employment relationship with the district court and defendant Johnson's exercise and discharge of administrative responsibilities as presiding judge of the 88th Judicial District. See MCL 600.8153; MSA 27A.8153, MCL 600.8221; MSA 27A.8221, and MCR 8.110(E)(3). Because plaintiff has failed to plead any facts

against defendant Johnson outside his actions taken in an official capacity, the trial court properly granted summary disposition in favor of Johnson in his individual capacity.

Plaintiff claims that any defect in her pleadings could be cured by amendment. However, plaintiff never filed an amended complaint in the trial court after being given the opportunity to do so. Nor has plaintiff moved in the trial court for leave to amend her pleadings. Moreover, plaintiff has not indicated to this Court the manner in which she would amend her pleadings to state a claim against defendant Johnson in his individual capacity. Accordingly, we reject plaintiff's argument.

Plaintiff further contends that the circuit court erred in transferring to the Court of Claims her remaining claims against the 88th District Court and Judge Johnson in his official capacity. Again, we disagree.

The Court of Claims has exclusive jurisdiction to hear claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MCL 600.6419; MSA 27A.6419. Court of Claims jurisdiction also extends to suits against state officers where the officer was acting in his official capacity when he committed the acts complained of. *Lowery v Dep't of Corrections,* 146 Mich App 342, 348; 380 NW2d 99 (1985), lv den 425 Mich 870 (1986). The exclusive jurisdiction of the Court of Claims encompasses all claims against the state and its instrumentalities for money damages. *Pomann, Callanan & Sofen, PC v Wayne Co Dep't of Social Services,* 166 Mich App 342, 346; 419 NW2d 787 (1988).

By statute, the "district control unit" (i.e., the 88th Judicial District) is responsible for specific statutory operating costs. See MCL 600.8101 *et*

*seq.*; MSA 27A.8108 *et seq.* Because there is no statutory obligation for the district control unit to pay a judgment, we agree with the trial court that the state would be primarily responsible for a judgment, if any, which plaintiff may obtain against defendant district court or defendant district court judge in his official capacity. See *Judges of the 74th Judicial Dist v Bay Co,* 385 Mich 710; 190 NW2d 219 (1971). Thus, we find no error in the trial court's determination that plaintiff's case should be transferred to the Court of Claims.

Defendants argue that, rather than transferring plaintiff's remaining claims, the trial court should have granted summary disposition in defendants' favor and dismissed the action. Because defendants have not filed a cross appeal in this Court, we decline to consider this argument.

Affirmed.