BERRIEN COUNTY PROBATE JUDGES v MICHIGAN AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES
COUNCIL 25, AFL-CIO

Docket No. 169900. Submitted October 10, 1995, at Grand Rapids. Decided
June 14, 1996, at 9:05 A.M. Leave to appeal sought.

The Berrien County Probate Court judges and Berrien County
appealed to the Berrien Circuit Court after an arbitrator deter-
mined that the probate court and the county had breached a collec-
tive bargaining agreement with the Michigan American Federation
of State, County and Municipal Employees Council 25, AFL-CIO,
and AFSCME Local 2757, with regard to the employment of mem-
bers of the union. The arbitrator determined that the probate court
and the county were joint employers of the employees and fash-
ioned a remedy that included the probate court and the county. The
court, Michael H. Cherry, J., found that the arbitrator had exceeded
his authority in finding the county and the probate court to be joint
employers, vacated the award, and remanded the matter to the
arbitrator to fashion a remedy that did not include the county. On
remand, the arbitrator fashioned such a remedy. The union
appealed from the order of the circuit court, alleging that the arbi-
trator had correctly determined that the probate court and the
county were joint employers.

The Court of Appeals *held*:

1. The joint-employer doctrine is not applicable when the parties
are two distinct governmental units, here the probate court and the
county, each a member of a different branch of government.

2. For purposes of collective bargaining, probate court employ-
ees are not employees of the county in which the probate court
exists; they are employees exclusively of the court.

3. The sharing of certain services by the probate court and the
county did not result in an implicit agreement to act as joint
employers and thereby waive the legal status of probate court
employees as employees of the court only.

4. Applying the joint-employer doctrine in this case would violate
the separation of governmental powers doctrine of Const 1963, art
3, § 2.

5. The joint-employer doctrine may not be applied to merge two distinct governmental units from different branches of the government into a single employer for purposes of public employment. The circuit court's order must be affirmed.

Affirmed.

LABOR RELATIONS — CONSTITUTIONAL LAW — GOVERNMENT EMPLOYEES — JOINT-EMPLOYER DOCTRINE.

The joint-employer doctrine may not be applied to merge two distinct governmental units from two different branches of government into a single employer for the purpose of public employment (Const 1963, art 3, § 2).

*Taglia, Fette, Dumke, Passaro & Kahne, P.C.* (by *Thomas R. Fette*), for the Berrien County Probate Judges.

*Thomas K. Byerley*, Berrien County Corporation Counsel, for Berrien County.

*Miller, Cohen, Martens, Ice & Geary, P.C.* (by *Stuart M. Israel* and *Georgi-Ann Oshagan*), for the defendants.

Before: NEFF, P.J., and YOUNG and B. U. MORROW,* JJ.

NEFF, P.J. Defendants appeal from an order of the circuit court vacating an arbitrator's original award in this labor dispute. The dispute in this case is whether two governmental units from different branches of government can be joint employers. We find that they cannot be joint employers and we affirm the circuit court's order.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

I

The Berrien County Probate Court operated a juvenile detention home in a building owned by Berrien County. The two maintenance workers for the building were employed by the probate court and were represented by defendants. When it was decided that the probate court should no longer be responsible for maintenance of the building, the chief judge was concerned about the continued employment of the two maintenance workers. He contacted the county in order to determine if the two employees could keep their jobs, albeit as employees of the county. To that end, the county engaged in negotiations with its union, the Teamsters, and obtained certain concessions that allowed the two maintenance employees to enter county employment as members of the Teamsters union. The employees were then laid off by the probate court and rehired by the county to provide maintenance work at the same building.

Defendants claimed that this process breached their collective bargaining agreement with the probate court. Defendants considered the transaction a sham, claiming that it was simply a ruse to switch the two workers to a different union in violation of the collective bargaining agreement between the court and defendants. Accordingly, defendants initiated a grievance procedure to protest the process.

Defendants' grievance ultimately went to arbitration. The arbitrator determined that the transaction involving the employees did constitute a breach of defendants' collective bargaining agreement. Neither party appeals this determination.

The arbitrator then determined that the probate court and the county were joint employers of the two

maintenance workers. The arbitrator based his decision on a number of factors relating to the arrangement agreed to by the county and the court: (1) probate court employees are subject to policies and procedures formulated by the county, (2) the county provides personnel, payroll, and labor-related services to the probate court, and (3) the ultimate decision regarding the employees in this case was reached jointly by the county and the probate judges. The arbitrator then ordered the employees in question to be restored as members of defendants, pursuant to the agreement between defendants and the probate court, which agreement, according to the arbitrator, included the county.

The probate judges then appealed this ruling to the circuit court, arguing, among other things, that the arbitrator exceeded his authority in finding the county and the probate court to be joint employers because that finding violates the separation of powers doctrine. The circuit court agreed, and remanded the matter to the arbitrator to fashion a remedy that did not include the county.

On remand, the arbitrator ordered the probate judges to pay back union dues owed to defendants on behalf of the two maintenance workers.

II

A

This Court's review of an arbitrator's award is very limited. We may not pass on the findings of fact or conclusions of the arbitrator reached on the merits of the case. *Port Huron Area School Dist v Port Huron Ed Ass'n*, 426 Mich 143, 150; 393 NW2d 811 (1986). We determine whether the arbitrator exceeded his

contractual authority, or whether he made an error of law on a controlling issue that is apparent on the face of the award. *DAIIE v Gavin*, 416 Mich 407; 331 NW2d 418 (1982). For an error of law to warrant reversal of an arbitrator's opinion, it must have been so material or substantial as to have governed the award. *Id.* at 443.

B

The circuit court's determination in this matter was made in response to a motion for summary disposition under MCR 2.116(C)(10). Therefore, our review of that determination is de novo. See *Kentwood Public Schools v Kent Co Ed Ass'n*, 206 Mich App 161, 164; 520 NW2d 682 (1994).

III

At the outset, we note that we are not deciding whether the arbitrator properly applied the joint-employer doctrine[1] to the facts of this case in the abstract. The issue before us is much more narrow and limited: whether the joint-employer doctrine is applicable when the parties are two distinct governmental units, here the probate court and the county,

---

[1] The joint-employer doctrine is used to enforce a collectively bargained agreement against a non-signatory when the four general characteristics of an employer are met: (1) the power to select and engage the employee, (2) payment of wages, (3) the power of dismissal, and (4) power and control over the employee's conduct. *Michigan Council 25, AFSCME v Louisiana Homes, Inc*, 192 Mich App 187, 190; 480 NW2d 280 (1991), vacated and remanded 441 Mich 883 (1992), reaffirmed *(On Remand)*, 203 Mich App 213; 511 NW2d 696 (1994). We are somewhat at a loss to understand why the arbitrator employed the joint-employer doctrine to initially decide this case because he had full authority to fashion a remedy within the four corners of the collective bargaining agreement. However, the issue having been raised and decided by the circuit court, we must now address it.

each a member of a different branch of government. We hold that it is not applicable in that situation.

A

This Court has already determined that for the purposes of collective bargaining, probate court employees are not employees of the county in which the probate court exists; they are employees exclusively of the court. *Cameron v Monroe Co Probate Court,* 214 Mich App 681; 543 NW2d 71 (1995). Thus, any decision that holds the county to be an employer of the probate court employees is in error.

B

Further, we cannot agree with defendants' argument that the probate court and the county, by sharing certain services, implicitly agreed to act as joint employers, thereby waiving the legal status of probate court employees as employees of the court only. We agree with the circuit court that such a result would violate the separation of governmental powers doctrine.

1

Our constitution provides:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution. [Const 1963, art 3, § 2.]

Although not all overlap in governmental functions is barred, *People v Trinity,* 189 Mich App 19, 22-23; 471 NW2d 626 (1991), intergovernmental sharing of power is permissible only where the area of one

branch's exercise of another branch's power is very limited and specific. *Id.* at 23.

2

The application of the joint-employer doctrine to merge the county and the probate court into one employer threatens to disrupt the delicate balance between the judiciary's right to control its employees and the county's responsibility to fund the courts. See *Wayne Circuit Judges v Wayne Co*, 386 Mich 1; 190 NW2d 228 (1971). The potential for overreaching by the county in directing the affairs of the judiciary, or by the judiciary in compelling the county to appropriate funds, is too great; one branch of government would not be properly limited from exercising the power of the other, thereby eliminating the necessary distinction between the two branches for collective bargaining purposes.

Thus, applying the joint-employer doctrine in the present context would impermissibly allow the county to exercise the powers of the probate court and the probate court to exercise the powers of the county. See *Wayne Circuit Judges, supra; Cameron, supra.*

3

We hold that the joint-employer doctrine may not be applied to merge two distinct governmental units—one a part of the judicial branch of government, the other clearly not[2]—into a single employer for the purposes of public employment.

---

[2] While the probate court is clearly a part of the judicial branch of government, the county is not. Counties are established in the constitution and derive their powers from the Legislature, having no general or inher-

IV

We affirm the circuit court's vacation of the arbitrator's initial award. We do not address the arbitrator's award on remand because neither party appealed that award.

Affirmed.

---

ent powers. They perform no judicial functions. Const 1963, art 7, § 1. *Crain v Gibson*, 73 Mich App 192, 200; 250 NW2d 792 (1977).