CAMERON v MONROE COUNTY PROBATE COURT

Docket No. 106060. Argued November 5, 1997 (Calendar No. 10). Decided May 26, 1998.

Cindy L. and Lawrence Cameron brought an action in the Monroe Circuit Court against the Monroe County Probate Court, alleging marital discrimination and violations of the Civil Rights Act by a probate judge. Pursuant to a mediation agreement, a judgment was entered against the probate court, which was paid by the state. Thereafter, the probate court filed a third-party complaint against Monroe County, alleging that the county was responsible for paying any judgment that might be rendered against the probate court. The court, Robert J. Colombo, Jr., J., granted the county's motion for summary disposition, ruling that the county was not responsible for payment of any judgment entered against the probate court. The Court of Appeals, M. J. KELLY, P.J., and REILLY and E. SOSNICH, JJ., affirmed in an opinion per curiam (Docket No. 159808). The probate court appeals.

In a unanimous opinion by Justice WEAVER, the Supreme Court *held*:

Counties are responsible for paying judgments entered against courts in tort actions alleging discrimination by a judge under the Civil Rights Act. The trial court erred in granting the county's motion for summary disposition of the third-party complaint. If the probate court had been found liable to the plaintiff, the county would be liable for any resulting judgment as a matter of law.

1. MCL 600.8103(1); MSA 27A.8103(1) provides that the county is responsible for all expenses of maintaining, financing, and operating the district court, unless otherwise specified. The state is not constitutionally required to fund the entire cost of trial court operations, and trial courts historically have operated on local funds and resources. Because there is no statutory authority specifying who will pay a judgment entered against the probate court for civil rights violations of a probate court employee, it must be paid by the local funding unit, the county. Although employment discrimination is not an expense of justice, supervision and administration of court personnel is a necessary expense of justice for which the county is expected to pay.

2. The circuit court did not lack jurisdiction over the third-party complaint because the complaint only asked that the circuit court order the county to pay the judgment. The state was not made a party to the complaint, nor did the court attempt to order it to pay; rather, it merely stated that the county was not liable, without attempting to impose liability on the state.

3. In this case, there was no finding of liability; rather, the special administrator accepted a mediation evaluation on behalf of the probate court. Further, the probate court did not pay the settlement amount. Assuming, arguendo, that the county could state a claim for indemnification, it is clear that the probate court is not entitled to indemnification from the county because the underlying claim was resolved at no cost to the probate court. Thus, remand is not required for resolution of the third-party complaint.

Reversed.

214 Mich App 681; 543 NW2d 71 (1995) reversed.

*Kell v Johnson*, 186 Mich App 562; 465 NW2d 26 (1990), overruled.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Richard P. Gartner* and *John S. Mackey*, Assistant Attorneys General, for the third-party plaintiff-appellant.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the third-party defendant-appellee.

WEAVER, J. The question presented in this case is whether the county is responsible for paying a judgment entered against the probate court when the plaintiffs alleged discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, by the probate judge.

The facts of the underlying suit were well-summarized by the Court of Appeals:

Cindy Cameron was formerly employed as Judge Seitz' judicial secretary. She resigned her position in 1990 when Judge Seitz became hostile toward her shortly after she

announced her intention to marry plaintiff Lawrence Cameron. Judge Seitz was removed from his judicial office in 1993 for judicial misconduct involving, in part, his relationship with, and conduct toward, Cindy Cameron. [214 Mich App 681, 683, n 2; 543 NW2d 71 (1995).]

Cindy and Lawrence Cameron, former employees of the probate court, brought suit, alleging marital discrimination and violations of the Civil Rights Acts by the probate court judge. Pursuant to a mediation agreement that was accepted by both plaintiffs and the Monroe County Probate Court,[1] a judgment of $25,000 was entered against the probate court. The plaintiffs received $25,000 from the state of Michigan.

The probate court had filed a third-party complaint against Monroe County, alleging that the county was responsible for paying any judgment that might be rendered against the probate court. The trial court granted the county's motion for summary disposition, ruling that the county is not responsible for payment of any judgment entered against the probate court. The Court of Appeals affirmed. We reverse and dismiss the third-party complaint.

I

A

In contending that the county is not responsible for paying the judgment, defendant relies on *Kell v Johnson*, 186 Mich App 562; 465 NW2d 26 (1990), which held that the state would be primarily responsible for a judgment entered against the district court or dis-

---

[1] The State Court Administrator (SCA), was acting as the Special Administrator for the Probate Court. The SCA accepted the mediation evaluation on behalf of the probate court, apparently against the wishes of the county.

trict court judge. We find that this case, entered before *Grand Traverse Co v Michigan*, 450 Mich 457; 538 NW2d 1 (1995), was wrongly decided. Its reasoning was based on the premise that the county was liable only for those expenses that were specifically allocated to the county by statute. However, MCL 600.8103(1); MSA 27A.8103(1) provides that the county is responsible for "maintaining, financing and operating the district court . . . except as otherwise provided in this act." Thus, contrary to the holding in *Kell*, the plain language of the statutory provision dictates that the *county* is responsible for all expenses of maintaining, financing, and operating the district court, unless otherwise specified.

B

In reaching its decision that the county need not pay the judgment entered against the probate court, the Court of Appeals relied on *Employees & Judge of the Second Dist Court v Hillsdale Co*, 423 Mich 705; 378 NW2d 744 (1985). It said that "the funding obligation of a local funding unit extends only to the provision of those funds that are 'necessary to the performance [by the court] of its statutorily mandated function.' Payment of a money judgment is not a statutory function of the probate court." 214 Mich App 689 (citations omitted).

In so holding, the Court of Appeals incorrectly interpreted our holding in *Hillsdale* to mean that the county was responsible for paying only those expenses spelled out by statute. This is an inaccurate reading of the case. In *Hillsdale*, this Court did not limit the county's obligation to statutory functions, but merely limited the scope of its decision to statu-

tory functions. The issue was when the district court could compel funding in excess of appropriations from the local funding unit. This Court held that "Where the Legislature has by statute granted authority or created a duty, the local funding unit may not refuse to provide adequate funding to fulfill the function." The Court specifically did not consider "when and under what standards the judiciary may compel expenditures beyond those appropriated to fulfill a statutory function." *Id.* at 721-722.

This unanswered question was dealt with in *Grand Traverse Co*, when we held that the state is not constitutionally required to fund the entire cost of trial court operations, and recognized that trial courts historically have operated on local funds and resources. Because there is no statutory authority specifying who will pay a judgment entered against the probate court for civil rights violations of a probate court employee, it must be paid by the local funding unit, the county.

C

It is well established that "Despite the fact that the courts have always been regarded as part of state government, they have operated historically on local funds and resources." *Grand Traverse Co, supra* at 473-474. Although the expenses of justice are incurred for the benefit of the state, they are charged against the counties in accordance with old usage, as a proper method of distributing the burden. *Id.*, citing *People ex rel Schmittdiel v Wayne Co Bd of Auditors*, 13 Mich 233 (1865).

The county contends, correctly, that employment discrimination is not an "expense of justice." How-

ever, supervision and administration of court person-
nel is a necessary expense of justice for which the
county is expected to pay. The mediation judgment
entered against the county is the result of poor or
inappropriate administration. Just as the county
would benefit from the wise and efficient administra-
tion of the judges its voters elect, so it suffers from
the thoughtless and improper administration in the
instant case.

II

Appellant also argues that the circuit court lacked
jurisdiction over the third-party complaint because it
could not adjudicate the state's liability for money
damages. Appellant contends that the third-party
complaint should have been brought in the Court of
Claims, which has exclusive jurisdiction over claims
for money damages against the state. MCL 600.6419;
MSA 27A.6419, *Silverman v Univ of Michigan Bd of
Regents*, 445 Mich 209; 516 NW2d 54 (1994).

However, the third-party complaint by the appellant
probate court asked only that the court order the
county to pay the judgment. The state was not made
a party to the complaint, nor did the court attempt to
order the state to pay the complaint. The order
merely stated that the county was not liable, without
attempting to impose such liability on the state.
Therefore, appellant's claim that the circuit court
lacked jurisdiction has no merit.

III

We conclude that counties are responsible for pay-
ing judgments entered against courts in such tort
actions. The trial court, accordingly, erred in granting

the county's motion for summary disposition of the third-party complaint. If the probate court had been found liable to plaintiff, the county would be liable for any resulting judgment as a matter of law.

Here, however, we are faced with unusual circumstances. There was no finding of liability; rather, the special administrator accepted a mediation evaluation on behalf of the probate court. Further, the probate court did not pay the settlement amount. In the third-party complaint, the probate court sought indemnification from the county "[i]n the event Monroe County Probate Court is liable for the claims alleged by Plaintiffs." Assuming, arguendo, that the county could state a claim for indemnification, it is clear that the probate court is not entitled to indemnification from the county here because the underlying claim was resolved at no cost to the probate court. Thus, we need not remand this matter for resolution of the third-party complaint. We, accordingly, reverse the Court of Appeals decision affirming the trial court's grant of summary disposition to the county and dismiss the third-party complaint.

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, KELLY, and TAYLOR, JJ., concurred with WEAVER, J.